CHARLES W. SELINAS AND WIFE *v.* JIM LEE et al.

May Term, 1901.

Present: ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed November 19, 1901.

*Chancery—Existence of counter claims essential to an equitable offset—*
The first essential to an equitable off-set is the existence of counter
claims. After one has extinguished a judgment debt due from him
by payment to an officer on execution, he cannot have a debt due
from the judgment creditor set off against the sum so paid to such
officer.

BILL IN CHANCERY praying for an equitable offset. E. W. Kent and the attorneys of Lee, referred to in the opinion, were joined with him as defendants. The cause came on to be heard on bill and demurrers thereto, Washington County, March Term, 1901, *Watson,* Chancellor, and thereupon, *pro forma* and without hearing, the court sustained the demurrers and dismissed the bill. The orators appealed.

*T. J. Deavitt* and *Edward H. Deavitt* for the orators.
*M. M. Wilson* and *J. D. Denison* for the defendants.

MUNSON, J. The orators, husband and wife, were joint owners of a building, of which a part was leased to defendant Lee. While owing the orators fifty dollars for rent, Lee sued the orator Charles in trover, and obtained a judgment for over one hundred dollars. The execution issued thereon was

placed in the hands of defendant Kent for collection, and was paid by Charles on demand. The orators then sued Lee for the rent due, summoning Kent as trustee; and Lee's attorneys entered as claimants of the fund. The orators obtained judgment, but the claimants were held entitled to the fund, and the orators appealed. The orators now seek by this bill to have the rent due them ascertained in equity and set off against the sum collected by Kent on Lee's execution against the orator Charles.

The first essential in a case of this kind is that there be counter claims in existence to be set off. If this bill had been brought before the orator Charles paid the execution in favor of Lee it would have stood upon better ground. But when that payment was made, Lee's claim was extinguished. The orator Charles is no longer indebted to Lee, and there is nothing upon which the orators could have their demand against Lee applied.

*Decree affirmed and cause remanded.*